# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| **CORBIN J. THOMPSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:12-CV-01865-CL |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **CAROLYN L. COLVIN,** | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Robert Baron, Harder Wells, Baron & Manning, P.C., 474 Willamette Street, Eugene, OR 97401; Linda Ziskin, P.O. Box 753833, Las Vegas, NV 89163. Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Nancy A. Mishalanie, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**MARK D. CLARKE, Magistrate Judge**.

Plaintiff Corbin Thompson ("plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying his applications

for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under

Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§

405(g) and 1383(c). Because the Commissioner's decision is supported by substantial evidence,

the decision should be **AFFIRMED**.

## BACKGROUND

Born in 1970, plaintiff was 34 years old on the amended alleged onset date of August 25, 2005. Tr. 114. Plaintiff speaks English and completed his GED in 1989. Tr. 147. He has past work experience as a dock worker, field operations worker, dump truck driver, warehouse worker, and heating and cooling installer. Tr. 144, 406.

Plaintiff protectively filed applications for DIB and SSI on November 15, 2005, alleging disability due to neck and back problems, dizziness, and arthritis. Tr. 143. The Commissioner denied plaintiff's application initially and upon reconsideration, and he requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 356. After an administrative hearing, the ALJ issued a decision finding plaintiff not to be disabled on February 4, 2009. Tr. 11-19. The Appeals Council denied plaintiff's subsequent request for review and plaintiff appealed that decision to this Court under Civil No. 3:09-cv-6144-BR. Tr. 7. This Court issued an Order and Judgment reversing and remanding the case to the agency for further administrative proceedings pursuant to the stipulation of the parties. Tr. 356, 467-71. The Appeals Council then vacated the agency's decision and remanded the case back to the ALJ. Tr. 356, 472-75.

The ALJ held a hearing on October 15, 2010 and a supplemental hearing on March 30, 2011. Tr. 357, 374-466. On April 14, 2011, the ALJ issued a decision, again denying plaintiff's applications. Tr. 356-68. The Appeals Council denied plaintiff's request for review, making the ALJ's April, 2011 decision the final agency decision. Tr. 302-07; 20 C.F.R. §§ 416.1481, 422.210 (2014). This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or

Page 2 – REPORT AND RECOMMENDATION

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for

determining whether an applicant is disabled within the meaning of the Social Security Act."

*Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R.

§ 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step

sequential process asks the following series of questions:

1.    Is the claimant performing "substantial gainful activity?" 20 C.F.R.
§§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving
significant mental or physical duties done or intended to be done for pay
or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing
such work, she is not disabled within the meaning of the Act. 20 C.F.R.
§§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing
substantial gainful activity, the analysis proceeds to step two.

2.    Is the claimant's impairment "severe" under the Commissioner's
regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless
expected to result in death, an impairment is "severe" if it significantly
limits the claimant's physical or mental ability to do basic work activities.
20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted
or must be expected to last for a continuous period of at least 12 months.
20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe
impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii);
416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis
proceeds to step three.

3.    Does the claimant's severe impairment "meet or equal" one or more of the
impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so,
then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii);
416.920(a)(4)(iii). If the impairment does not meet or equal one or more
of the listed impairments, the analysis proceeds beyond step three. At that
point, the ALJ must evaluate medical and other relevant evidence to assess
and determine the claimant's "residual functional capacity" ("RFC"). This
is an assessment of work-related activities that the claimant may still
perform on a regular and continuing basis, despite any limitations imposed
by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c);

416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.   Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.   Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett,* 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, he found that plaintiff had not engaged in substantial gainful activity after the amended alleged onset date. Tr. 359. At step

two, the ALJ found plaintiff had the following severe impairments: degenerative disc disease and curvature of the spine, asthma, depression and anxiety, chronic pain, and a "possible somatoform disorder." *Id*. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 360.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined that he retains the ability to perform light work with the following limitations:

> He can walk 2 blocks at a time, and stand for half an hour and sit for an hour at a time; and he can lift occasionally not more than 20 pounds; and not repetitively but with some frequency not more than 10 pounds. He is right handed and his hand tends to become numb after 15 or so minutes of use; he can push and pull with a horizontal force of not more than 20 pounds for not more than 5 minutes at any one time. He can climb 6 stair steps using a handrail; and he can drive; his eyesight and hearing are functional; and he tends to get short of breath with exertion; he has a moderate impairment in short term memory and in the ability to maintain concentration; and he has limited range of motion in his head and neck, mostly due to scoliosis, and cannot lift his dominant right arm above shoulder level, but he can reach straightforward with it.

Tr. 361. At step four, the ALJ found plaintiff was unable to perform any of his past relevant work. Tr. 366-67. At step five, the ALJ found that plaintiff retains the RFC to perform unskilled production assembly jobs, which exist in significant numbers in the national economy. Tr. 367. The ALJ concluded that plaintiff is not disabled. *Id.*

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r,* 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Page 5 – REPORT AND RECOMMENDATION

Where the evidence is susceptible to more than one rational interpretation, the

Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th

Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's

interpretation is a rational reading of the record, and this court may not substitute its judgment

for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However,

a reviewing court must consider the entire record as a whole and may not affirm simply by

isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th

Cir. 2007). The reviewing court, however, may not affirm the Commissioner on a ground upon

which the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d at 1226-26

(citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) improperly rejecting the opinion of examining

psychologist Ron Lechnyr, Ph.D., and (2) failing to meet his burden at step five. After careful

review of the record and briefs, the Court finds that the ALJ's decision was supported by

substantial evidence and should be affirmed.

### Examining Psychologist Ron Lechnyr

Plaintiff first argues that the ALJ improperly rejected the medical opinion of Dr. Lechnyr.

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among

physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth

Circuit distinguishes between the opinions of three types of physicians: treating physicians,

examining physicians, and non-examining physicians. The opinions of treating physicians are

generally accorded greater weight than the opinions of non-treating physicians. *Lester v. Chater*,

81 F.3d 821, 830 (9th Cir. 1995). A treating doctor's opinion that is not contradicted by the

Page 6 – REPORT AND RECOMMENDATION

opinion of another physician can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).

If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific, legitimate reasons" for discrediting the treating doctor's opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Lester*, 81 F.3d at 830. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester*, 81 F.3d at 830. Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1034.

Dr. Lechnyr conducted a psychological evaluation of plaintiff in December, 2008. He diagnosed pain disorder associated with both psychological factors and a general medical disorder; psychological factors affecting medical condition and personality traits or coping style affecting medical condition; a somatization disorder; a dysthymic depressive disorder, with underlying long-term depressive disorder; nicotine dependence; schizoid (withdrawn) personality features; a passive-dependent personality disorder; and an avoidant personality disorder. Tr. 265, 364-65, 717. He also diagnosed several physical disorders. Tr. 365. Dr. Lechnyr concluded that plaintiff would have "marked" difficulties in areas of purely psychological

functioning, as well as physical functioning. Tr. 722. He opined that plaintiff had moderate

mental limitations in multiple areas work-related functioning. Tr. 720-24.

The ALJ assigned "partial weight' to Dr. Lechnyr's findings, and completely rejected Dr.

Lechnyr's opinion as to plaintiff's physical disorders. Tr. 365, 717. The ALJ may reject a

medical opinion predicated upon reports of a claimant properly found not credible. *Bray v.

Comm'r*, 554 F.3d 1219, 1228 (9th Cir. 2009). The ALJ provided a thorough evaluation of the

limited medical record and took testimony from medical expert Lawrence Duckler, M.D. Tr.

359-60, 363-66. Dr. Duckler testified that Dr. Lechnyr's opinion "describe[d] the

symptomatology of the patient," meaning that Dr. Lechnyr's diagnoses were based on plaintiff's

subjective complaints. Tr. 400-04. The ALJ found plaintiff not credible, and plaintiff does not

challenge that finding. Tr. 363; Pl.'s Op. Brief. Based on Dr. Duckler's testimony and his

review of the record, the ALJ reasonably concluded that Dr. Lechnyr's findings were based upon

plaintiff's subjective complaints, and therefore properly rejected them. *Bray*, 554 F.3d at 1228.

Even assuming that Dr. Lechnyr's findings were not based solely on plaintiff's subjective

symptom testimony, the ALJ gave legally sufficient reason for rejecting Dr. Lechnyr's opinion.

Dr. Lechnyr's opinion was contradicted by the medical testimony of Dr. Duckler, and the ALJ

was thus required to provide specific, legitimate reasons for rejecting it. Tr. 364, 400-03; *Lester*,

81 F.3d at 830. Inconsistency with the medical record is a specific, legitimate reason for

rejecting a physician's opinion. *Tommasetti*, 533 F.3d at 1040. The ALJ found that Dr.

Lechnyr's opinion was inconsistent with the findings of state agency consultative physicians

Mary Westfall, M.D., and Richard Alley, M.D. Tr. 366. These physicians assessed physical

limitations less severe than those indicated by Dr. Lechnyr. Tr. 201-08, 222. On this record, the

ALJ provided specific, legitimate reasons for rejecting Dr. Lechnyr's controverted opinion. *Murray*, 722 F.2d at 502.

Plaintiff challenges other grounds for the ALJ's decision to accord little weight to Dr. Lechnyr's opinion. To the extent that the ALJ erred by citing other reasons for his rejection of Dr. Lechnyr's opinion, however, any such error is harmless. *Carmickle*, 533 F.3d at 1162 (ALJ's reference to invalid reason for discounting evidence was harmless error given that ultimate determination was supported by valid reasons). The ALJ's rejection of Dr. Lechnyr's opinion was supported by substantial evidence, and should be affirmed.

**Step Five Findings**

Plaintiff next argues that the ALJ erred at step five because the RFC propounded "vague, unquantified limitations," and therefore presented an improper hypothetical to the VE. Pl.'s Op. Brief, pp. 12; Pl.'s R. Brief, pp. 3. Specifically, plaintiff takes issue with the following language in the RFC: that plaintiff's "hands tend to become numb after 15 minutes or so of use," and that plaintiff has "moderate" impairment in short term memory and in the ability to maintain concentration. *Id.* at pp. 12-14; *see* Tr. 361. Plaintiff contends that the RFC, as stated to the VE, did not thoroughly communicate plaintiff's limitations.

The Court rejects plaintiff's argument, finding no specific error in the ALJ's wording of the RFC or the hypothetical posed to the VE. First, the ALJ found that there was no indication that intermittent numbness of plaintiff's hands prevented him from using his hands or fingers. Tr. 363. Nevertheless, he gave plaintiff "some benefit of the doubt" by including an indication of hand numbness in the RFC. Plaintiff's interpretation of this restriction, however, as "at least 10 minutes of every hour [plaintiff] was unable to perform manipulation tasks," is not warranted by the RFC or the objective medical evidence. Tr. 409. The ALJ properly described plaintiff's

hand limitation in his hypothetical to the VE, and the Court can find no error in the ALJ's conclusion that plaintiff would be able to perform jobs that exist in significant numbers in the national economy.

Second, it is important to note that plaintiff's apparent objection to the use of "moderate" in the VE hypothetical is not that the term is "vague and unquantified," but that the ALJ's definition of "moderate" conflicted with plaintiff's preferred interpretation. At the hearing, plaintiff equated "moderate" limitations with the Agency's definition of "occasionally," which means "occurring from very little up to one-third of the time." Tr. 410; SSR 83-10. The Court, however, can find no indications in the Regulations or Agency Rulings that "moderate" should be so defined. By contrast, the VE recognized plaintiff's "moderate" mental limitations as a "[l]imited ability" to perform certain tasks that nevertheless did not preclude performance of unskilled production assembly jobs. Tr. 408, 410. As this interpretation is consistent with the Regulations, the Court can find no error in the RFC, or in the VE's understanding of plaintiff's limitations. *See Burch*, 400 F.3d at 679 (variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record). The ALJ's conclusions based on the VE's testimony should be affirmed.

Plaintiff argues, finally, that the ALJ failed to meet his burden at step five to show that plaintiff can perform jobs existing in significant numbers in the national economy because he omitted Dr. Lechnyr's limitations from the hypothetical to the VE. Because the ALJ properly rejected Dr. Lechnyr's opinion, however, he was not required to include those limitations in the RFC or the VE hypothetical. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-66 (9th Cir. 2001) (restrictions not supported by substantial evidence may freely be accepted or rejected by ALJ); *Batson v. Comm'r*, 359 F.3d 1190, 1197 (9th Cir. 2004) (ALJ not required to incorporate

evidence from physicians whose opinions were properly discounted).  The ALJ did not err at step five and his decision should be affirmed.

**RECOMMENDATION**

The ALJ's conclusion that plaintiff is not disabled is supported by substantial evidence and should therefore be AFFIRMED.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge.  Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from today's date. If objections are filed, any response is due fourteen (14) days from the date of the objections. *See* Fed. R. Civ. P. 72, 6.  Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of March, 2014.

Mark D. Clarke

United States Magistrate Judge